IN THE DISTRICT COURT IN AND FOR
THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:11-cv-480-OrL-31-DAB

DONALD RAIMONDI,

    Plaintiff,

v.

ZAKHEIM & LAVRAR, P.A.

    Defendant.

_____/

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq* and the Florida Consumer Collection Practices Act, Fla. Stat. §559.72. (hereafter the "FCCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, DONALD RIAMONDI ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Volusia, and City of Daytona Beach.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, ZAKHEIM & LAVRAR, P.A. ("Defendant") is a corporation professional association who at all relevant times was engaged, by use of the mails and

telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) as well as the FCCPA.

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as well the FCCPA..

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another

11. Defendant placed telephone calls to Plaintiff on January 20, 2011 at 4:39 P.M.

12. Plaintiff, on January 21, 2011, returned Defendant's calls and informed Defendant that Plaintiff disputed the alleged debt at issue and that Plaintiff was represented by counsel. Plaintiff provided Defendant with counsel's name, address and telephone number and demanded that Defendant cease from calling him directly under any circumstances.

13. Defendant placed telephone calls to Plaintiff on January 25, 2011 at 9:47 A.M. and 9:49 A.M., despite being instructed by Plaintiff to refrain from contacting him directly and possessing of Plaintiff's attorney information.

## COUNT I

14. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 13.

15. Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff directly after learning that Plaintiff is being represented by counsel.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(2)

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

16. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 13.

17. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692f;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATIONS OF THE SECTION 559.72(18) OF THE FCCPA
## AGAINST ZAKHEIM & LAVRAR, P.A.

18. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-14 of this complaint.

19. Defendant violated §559.72(18) of the Florida Consumer Collection Practices Act by willfully communicating with Plaintiff, despite knowing that Plaintiff is represented by an attorney with respect to such debt and has knowledge of such attorney's name and address.

WHEREFORE, Plaintiff, DONALD RAIMONDI, by and through his attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Emotional and/or mental anguish damages;

    c. Statutory damages of $1,000.00;

    d. Plaintiff's attorneys' fees and costs;

    e. Any other relief deemed appropriate by this Honorable Court.

## TRIAL BY JURY

23.     Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 25th day of March, 2011.

                Respectfully submitted,
                **DONALD RAIMONDI**


                By: s/Alex D. Weisberg
                ALEX D. WEISBERG
                FBN: 0566551
                WEISBERG & MEYERS, LLC
                ATTORNEYS FOR PLAINTIFF
                5722 S. Flamingo Rd, Ste. 656
                Cooper City, FL 33330
                (954) 212-2184
                (866) 577-0963 fax
                aweisberg@attorneysforconsumers.com