# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DONALD RAIMONDI,**

**Plaintiff,**

**-vs-**                                                    **Case No.  6:11-cv-480-Orl-31DAB**

**ZAKHEIM & LAVRAR, P.A.,**

**Defendant.**
_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION TO COMPEL BETTER ANSWERS TO DISCOVERY (Doc. No. 14)** |
| **FILED:** | **December 9, 2011** |

**THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

Plaintiff filed an action under the Fair Debt Collection practices Act and the Florida Consumer

Collection Practices Act (Doc. No. 1).  In his Complaint, Plaintiff asserts that: "Defendant violated

15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff directly after learning that Plaintiff is being

represented by counsel" (Count I); "Defendant violated 15 U.S.C. § 1692f by using unfair or

unconscionable means against Plaintiff in connection with an attempt to collect a debt" (Count II);

and "Defendant violated §559.72(18) of the Florida Consumer Collection Practices Act by willfully

communicating with Plaintiff, despite knowing that Plaintiff is represented by an attorney with respect

to such debt and has knowledge of such attorney's name and address" (Count III).  Defendant

answered with a general denial and asserted, among other affirmative defenses, "that if it violated the Fair Debt Collection Practices Act ("FDCPA") and Florida Consumer Collection Practices Act ("FCCPA"), which it denies, the violation was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such an error" (Doc. No. 8).

In the instant motion, Plaintiff moves to compel production of documents and answers to Interrogatories he contends are relevant to the issues raised in the pleadings.  The Court has reviewed Defendant's response (Doc. No. 17), and agrees with Plaintiff, although only in part.

**Requests for Production Nos. 5, 6, 7, 8, 9, and 10**

**Plaintiff's Interrogatories 5 and 22**

These Requests all relate to account collection documents, which Defendant admits it "inadvertently" failed to produce.  As Defendant represents that it has since produced the account collection notes, the motion to compel their production, or detail what they state, is moot.

**Requests for Production Nos. 12, 13, 14, 15, 21, and 22**

**Plaintiff's Interrogatories 7, 8, 17, and 18**

These Requests and Interrogatories relate to Defendant's internal policies and procedures with respect to verification of debts and collection procedures.  Defendant objects on the basis that they seek policies and procedures pertaining to "all" parts of the Fair Debt Collection Practices Act, and not just those relating to communications with Plaintiff when Defendant (allegedly) knew Plaintiff had counsel.  Defendant further contends that its policies and procedures "contain privileged, confidential and proprietary information" and should therefore be produced only pursuant to a confidentiality agreement.

Plaintiff has alleged *two* violations of the FDCPA, including an allegation that Defendant violated 15 U.S.C. § 1692f by using "unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt." Although earlier allegations are incorporated into this Count, it is not clear that this alleged violation is based *solely* on the same conduct asserted with respect to Count I. As Plaintiff has alleged that Defendant used unfair or unconscionable measures, it necessarily follows that the means Defendant has utilized in connection with its efforts to collect this debt are relevant and discoverable. Moreover, Defendant has raised the affirmative defense of *bona fide* error despite the maintenance of reasonable procedures. Defendant cannot maintain the benefit of this affirmative defense without accepting the burden of proving it. Having raised the issue of the reasonableness of its internal procedures, Plaintiff is entitled to discovery of same.[1] The motion is **granted** as to these Requests. Defendant shall produce its internal policies and collection procedures and answer the related Interrogatories within **14** days of the date of this Order.

**Request for Production No. 4**

In this Request, Plaintiff seeks:

REQUEST NO. 4: Any and all personnel files, human resource department records, employment files, and other documents involving all individuals who participated in any way in Defendant's attempts to collect the debts referenced in Plaintiff's complaint, including but not limited to any disciplinary notices, reprimands, incident reports, and electronic recordings of collection communications that were the subject of private or other complaints by any person.

Defendant objects that the request is too broad, and covers documents that are confidential and irrelevant. While *some* personnel records *might* be relevant (such as a record of disciplining the same employee for the same conduct alleged here), the wholesale production of all records for all employees who participated "in any way" includes personal and non-probative information (such as

---

[1]Although the Court does not find that the procedures are "proprietary" or privileged on this showing, Plaintiff has agreed to entry of a confidentiality agreement, which moots this objection, in any event.

health insurance records) for receptionists, administrative staff and others who are, at best, likely irrelevant to this dispute.  As phrased, the motion is **denied** as to this Request.

**Request for Production No. 16**

Plaintiff seeks "all organizational charts illustrating Defendant's managerial, directorial, administrative, or clerical structure."  Defendant contends that this request is irrelevant.  While Plaintiff contends that "knowledge of how the Defendant is managed is reasonably calculated to lead to information regarding the reasonableness of any procedures in place," this connection is too tenuous.  The motion is **denied** as to this Request.

**DONE** and **ORDERED** in Orlando, Florida on January 9, 2012.

_David A. Baker_

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

-4-