**DONALD RAIMONDI,**

        **Plaintiff,**

**-vs-**                            **Case No. 6:11-cv-480-Orl-31DAB**

**ZAKHEIM & LAVRAR, P.A.,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

       This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR ATTORNEY'S FEES AND COSTS (Doc. No. 22)**
>
> **FILED:** **February 3, 2012**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part.

## *Background*

       On March 28, 2011, Plaintiff filed an action under the Fair Debt Collection Practices Act ("the Act"), 15 U.S.C. § 1692 *et seq.* and the Florida Consumer Collection Practices Act, Fla. Stat. §559.72 (Doc. No. 1). Plaintiff alleged that Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff directly after learning that Plaintiff is being represented by counsel (Count I); violated 15 U.S.C. § 1692f by using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (Count II); and violated §559.72(18) of the Florida Consumer Collection

Practices Act by "willfully communicating with Plaintiff, despite knowing that Plaintiff is represented by an attorney with respect to such debt and has knowledge of such attorney's name and address" (Count III). *Id.* Defendant filed an Answer and Affirmative Defenses on May 3, 2011 (Doc. No. 8). The motion reflects that the parties engaged in settlement discussions both prior to filing of the suit and thereafter.

The parties met and prepared the required Case Management Report in June (Doc. No. 12), thus commencing the discovery period. In July, Plaintiff served Defendant with Interrogatories, Requests for Production and Requests for Admissions, and sought deposition dates.[1] Defendant responded to the written discovery, and Plaintiff, feeling the discovery responses were inadequate, requested better answers. The parties conferred and Defendant supplemented its responses. Plaintiff remained unsatisfied and filed a motion to compel (Doc. No. 14). Defendant sought an extension of time, and ultimately filed a response on January 6, 2012 (Doc. No. 17). Upon review, the motion to compel was granted in part and denied in part (Doc. No. 18).

Shortly thereafter, on January 17, 2012, Defendant served an Offer of Judgment (Doc. No. 19-1) and a separate Proposal for Settlement (Doc. No. 19-2). The Offer provided, in part:

> Defendant . . . offers to pay to Plaintiff, the amount of One Thousand and One Dollars ($1,001), plus reasonable attorney's fees and costs as determined to be recoverable by the Court related to the FDCPA claims. This offer is not an admission that Defendant is liable in this action or that Plaintiff has suffered damages as related to the FDCPA claims.
> If this offer is accepted, Defendant stipulates that Plaintiff is entitled to recover the reasonable fees and costs incurred in the litigation of the FDCPA claims in this action as agreed to by the parties or as determined to be recoverable by this Court should the parties be unable to agree.

(Doc. No. 19-1). The Proposal was directed to "the alleged violations of the Florida Consumer Collections Practices Act" and was "in the amount of $1,001, plus reasonable attorney's fees and costs

---

[1] No depositions were taken.

as to be determined recoverable by the Court" (Doc. No. 19-2). On January 18, 2012, Plaintiff filed a Notice of Acceptance of the offer of judgment/proposal for settlement "in the amount of One Thousand and One Dollar, exclusive of all interest, costs, and attorney's fees." (Doc. No. 19). Plaintiff requested that Judgment be entered on Plaintiff's claims against the Defendant "in the above amount," and that Plaintiff be granted leave to file his Petition for Attorneys' Fees and Costs.

The District Court ordered Plaintiff to file his petition for attorney's fees and costs by February 3, 2012 (Doc. No. 20), and the instant motion, and a proposed Bill of Costs (Doc. No. 21) timely followed. Defendant filed its response to the motion on February 27, 2012 (Doc. No. 26), and costs have been taxed by the Clerk (Doc. No. 25). The matter was referred to the undersigned thereafter. For the reasons set forth herein, the undersigned **respectfully recommends** that the motion be granted, in part and **denied,** in part, as follows: judgment should be entered in Plaintiff's favor and against Defendant on all counts of the Complaint, and attorney's fees in the total amount of $7,000 should be awarded Plaintiff. To the extent costs have already been taxed (and are not objected to by Defendant), no additional award of costs should be made.

## Issues and Analysis

### Plaintiff is entitled to an award of fees

Although Plaintiff spends a great deal of his briefing on the issue of entitlement, Defendant has stipulated in his Offer of Judgment and Proposal for Settlement that Plaintiff is entitled to a reasonable fee and costs. *See also* 15 U.S.C. § 1692k(a)(3); *Hollis v. Roberts*, 984 F.2d 1159, 1161 (11th Cir. 1993) ("The Fair Debt Collection Practices Act authorizes the award of the costs of the action and a "reasonable attorney's fee as determined by the court," 15 U.S.C. § 1692k(a)(3), in addition to damages to any successful plaintiff."). As costs have already been taxed by the Clerk

(without objection) and entitlement to a reasonable fee is not disputed, the only issue presented is the amount of fees to be awarded.

**Standards of Law**

As this Court has recently noted in other FDCPA cases,[2] in determining the reasonableness of attorneys' fees pursuant to a fee-shifting statute, the lodestar is generally recognized as a reasonable fee. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992). The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (*citing Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11 (1984)). Additional factors to be considered in determining a reasonable fee include:

> (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) preclusion of other employment; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Norman*, 836 F.2d at 1292 (*citing Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

"The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rate." *Id.* at 1303. An applicant may meet his or her burden by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates. *Norman*, 836 F.2d at 1299. In addition, the court may use its own expertise and judgment to

---

[2]*Rubio v. FMS, Inc.*, Case No. 6:10-cv-00468-MSS-DAB (Orlando, Jun 3, 2011), adopting the Report of the undersigned issued April 26, 2011 (Doc. No. 30 in that case); *Penney v. Williams & Fudge, Inc.,* Case No. 6:10-cv-452-DAB (Orlando, January 5, 2012).

make an appropriate independent assessment of the value of an attorney's services. *Id.* at 1303. With respect to hours, if an applicant's documentation "is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434.

### The Claim for Fees

Although the case was not tried, no depositions were taken, and there were no dispositive motions or hearings, Plaintiff claims it was necessary to incur $13,981.50 in attorney's fees, consisting of a total of 71.1 hours of attorney, law clerk, paralegal and legal assistant time at hourly rates ranging from $100.00 per hour to $335.00 per hour, in order to prosecute this case. In all, Plaintiff utilized the services of **FIFTEEN** professionals, including six attorneys, three law clerks, two paralegals, and four legal assistants as shown in the chart prepared by counsel:

| EMPLOYEE | HOURS | RATE | TOTAL |
|---|---|---|---|
| Alex Weisberg, Attorney | 11.9 | $335.00 | $3986.50 |
| Craig Ehrlich, Attorney | 1.6 | $335.00 | $536.00 |
| Aaron Radbil, Attorney | 0.3 | $275.00 | $82.50(waiving) |
| Matthew Sullivan, Attorney | 16.8 | $175.00 | $2940.00 |
| Robert John Lamb, Attorney | 12.2 | $175.00 | $2135.00 |
| Jessica Dorvinen, Attorney | 12.9 | $175.00 | $2257.50 |
| Thomas Mirigliano, Law Clerk | 3.6 | $135.00 | $486.00 |
| Jason Sandler, Law Clerk | 4.1 | $135.00 | $553.50 |
| Kathleen Ramaker, Law Clerk | 1.5 | $135.00 | $202.50 |
| Jeanette Soto, Paralegal | 5.1 | $135.00 | $688.50 |
| Tremain Davis, Paralegal | 0.1 | $135.00 | $13.50 |
| Steve Perez, Legal Assistant | 0.3 | $100.00 | $30.00 |
| Natasha Stewart, Legal Assistant | 0.3 | $100.00 | $30.00 |
| Gloria Ramirez, Legal Assistant | 0.1 | $100.00 | $10.00 |
| Jessica Decandia, Legal Assistant | 0.3 | $100.00 | $30.00 |
| | | **TOTAL:** | $13,981.50 |

From this amount, counsel claims to have exercised billing discretion by reducing the fee request by $448.72, for a total of **$13,532.78.**

In support of his request, Plaintiff submits a Statement of Services and Supplemental Statement of Services (Doc. No. 22- Exhibits Y and Z), a firm profile, with biographies of the attorneys (*Id.*- Exhibit AA), Declarations of five of the six billing attorneys, two of the three billing

law clerks, both paralegals, and three of the four billing legal assistants (Exhibit BB), the United States Consumer Law Attorney Fee Survey Report, 2010-2011 (Exhibit CC), a matrix of hourly rates for attorneys of varying experience levels and paralegals/law clerks prepared by the Civil Division of the United States Attorney's Office for the District of Columbia (" the *Laffey* Matrix") (Exhibit DD), and the Declarations of Todd Friedman, an attorney licensed to practice in Illinois and California, and Joshua Trigsted, an attorney licensed to practice in Oregon, Washington and Utah, opining that the work performed and hourly rates are "reasonable" (Exhibits EE). What Plaintiff failed to submit is evidence sufficient to convince the Court that well over ten professionals were necessary to prosecute this straightforward debt collection act suit. Applying the standards of law set forth above, the Court finds the evidence does not support either the number of hours claimed nor the hourly rates sought.

**Reasonable Hours**

Although the Court normally addresses the reasonable rate first in calculating the lodestar, the presence of so many counsel here requires the Court to initially determine the extent of compensable services. While Plaintiff offers argument regarding the reasonableness of the rates charged (addressed below), he presents nothing specific to support the number of hours claimed by the professionals marshaled here. The Court is not surprised by this, as no paying client would countenance being billed for six lawyers to prosecute a claim for statutory damages of $1,000. While the Court does not find the recovery here to be nominal in view of the purpose of the Act, nor that the fees obtained by counsel must be proportional to the amount awarded, it does find that the hours spent must be warranted by the task at hand. As this Court has observed recently in a similar context, it does not require six attorneys to prosecute a one-plaintiff case under the Act, especially where, as here, only one attorney made an appearance in the case, and that attorney claims an expertise in such cases. *See Penney v. Williams & Fudge, Inc.,* Case No. 6:10-cv-452-DAB (Orlando, January 5, 2012). While Plaintiff is certainly free to choose whatever staffing arrangements he desires in litigating a case, he

is only entitled to reimbursement of reasonable costs from his adversary. Upon review, the Court finds that the number of professionals used here necessarily inflated the bill, as timekeepers moved in and out of the file, and resulted in a fee claim that cannot be sustained.

A review of the time sheets tendered by Plaintiff illustrates this conclusion. The billing sheets show numerous entries of Plaintiff's attorneys and paraprofessionals conferring with each other, via discussion or emails, reviewing each other's work product, and engaging in other duplicative or excessive tasks.[3] While a certain amount of conferral and review is inherent in litigation, the Court finds the amount of time claimed here for this task to be unreasonable. While the use of so many professionals may be perfectly acceptable in an appropriate case involving complex issues and numerous claims, or when different lawyers perform distinct tasks, this is not such a case.[4]

In addition to duplicative time, the Court finds the hours charged to be excessive. The Supplemental Time Sheet (Doc. No. 22-26), for example, reflects 12.90 hours to prepare the instant motion. Despite the expenditure of almost 13 hours, the motion includes very few references to controlling law in this circuit and, as noted above, contains briefing on issues previously conceded by Defendant. As the only issue was the amount of the fees and the firm has prosecuted numerous such claims before, the time is excessive in context. Moreover, to the extent the hours include such tasks as "email accounting department" and "create PDF's of email correspondence for exhibits," it contains non-compensable clerical time.

---

[3]As just one example, the time records show that *four* attorneys worked on the sole motion to compel filed in this matter. While Plaintiff has made a reduction in recognition of the "extensive amount of time incurred regarding the motion to compel" (Doc. No. 22), the reduction amounts to less than $450. By contrast, over 13 hours of attorney time is still claimed for the motion, an amount the Court finds to be excessive in view of the claimed expertise of counsel.

[4]To the extent some of the six attorneys are not members of the Florida Bar and did not move to appear in this matter *pro hac vice,* their work was necessarily performed under the supervision of Mr. Weisberg. While Plaintiff is certainly free to hire out of town counsel, the increased costs of same cannot be shifted to Defendant absent a showing of good cause.

The fee petition claim is not the only instance of clerical time asserted by counsel, as the time sheets reflect clerical and semi-clerical tasks, such as scheduling matters, billed at hourly rates.[5] Even when not excessive, time spent doing purely clerical tasks, including "prepare cover letter to court" (March 23, 2011 entry) and "complete file opening process" (February 3, 2011 entry) is not compensable. *See Scelta v. Delicatessen Support Services, Inc.*, 203 F.Supp.2d 1328, 1334 (M.D. Fla. 2002).

"When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce hours with an across-the-board cut." *Bivens v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). In this case, the deficiencies noted above appear throughout the billing, and the use of block billing makes it difficult to parse through an entry to determine how much is properly compensable. In such circumstances, the Court need not engage in an hour by hour analysis as "[i]t is sufficient for the court to provide a concise but clear explanation of its reasons for the reduction." *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994). The time sheets claim 13.5 hours of lead counsel/partner time; 41.9 hours of associate time; 9.2 hours of law clerk time and 6.2 hours of paralegal/legal assistant time. Of that time, the Court subtracts its estimate of time spent in duplicative, excessive, clerical or otherwise non-compensable time (as explained above) and concludes that 40 (10 lead counsel hours, 20 associate and 10 law clerk/paralegal) of the over 70 hours claimed were reasonably required to prosecute this simple matter.

**Reasonable Rates**

---

[5] *See, for example,* the numerous entries by paralegal Jeanette Soto regarding efforts to schedule mediation: January 16, 2012 entry: "emailed opposing counsel assistant to coordinate mediation;" January 13, 2012 entry: "send email to opposing counsels assistant with possible mediation dates"; January 12 entry: "send email to opposing counsel with possible mediation dates after discussing with attorneys"; January 11 entry: "Email opposing counsel with possible dates for mediation;" January 9: "email opposing counsel with new dates for mediation;" January 6: "email mediator and requested more dates per Alex Weisberg" and "email OC with more dates for mediation;" December 23, 2011: "email mediator"; December 22: "email OC with dates for mediation": December 20: "email OC to coordinate mediation date"; Dec. 15: "email to OC with mediation dates again after review of file and discussion with attorney"; Dec. 12: "coordinate mediation dates with mediator, attorneys and OC"; Dec. 8: "call mediator for possible dates."

As noted above, Plaintiff seeks to charge rates ranging from $100 per hour for legal assistants, to $335 per hour for partner Weisberg. As support for the rates claimed, Plaintiff cites to the Affidavits of two out of state practitioners, the United States Consumer Law Attorney Fee Survey Report, 2010-2011, and the "Laffey Matrix," prepared by the United States Attorney's Office for the District of Columbia. However, the going rate *in the community* is the most critical factor in setting the fee rate. *See Martin v. University of South Alabama,* 911 F.2d 604, 610 (11th Cir. 1990). The relevant community here is the Middle District of Florida, and Plaintiff cites no case where this district awarded these rates for similar services. Moreover, this district has repeatedly found that the surveys Plaintiff relies upon are not persuasive for purposes of determining a reasonable rate. *See Sheeley v. Advanced Check Processing*, Case No. 3:10-cv-0231-J-34JBT, 2010 WL 4569868 at *3 (M.D. Fla. Sept. 13, 2010) (rejecting the Consumer Law Attorney Fee Survey and awarding consumer law attorneys $200 per hour); *Selby v. Christian Nicholas & Associates, Inc.*, Case No. 3:09-cv-121-J-34JRK, 2010 WL 745748 at *5 (M.D. Fla. Feb. 26, 2010) (rejecting requested hourly rates based on Consumer Law Attorney Fee Survey, and setting reasonable hourly rate of $200.00 because counsel failed to provide any other information supporting requested rates); *Rubio v. FMS, Inc.,* Case No. 6:10-cv-00468-MSS-DAB (Orlando, April 26, 2011) (rejecting identical arguments, noting that these surveys do not establish the going rate in the community and local precedent does not support the survey rates); *Schoonover v. Receivables Perf. Mngmt.*, Case No. 8:11-cv-00118-VMC-EAJ (Tampa, Nov. 9, 2011, report adopted by the District Court November 28, 2011) (rejecting identical arguments and awarding consumer law attorneys $200- $250.00 per hour, and a paralegal rate of $95.00 per hour). Plaintiff has not shown that the rates it seeks are warranted here.[6]

---

[6]Indeed, Plaintiff fails to cite a single case from this district.

Absent sufficient evidence to support the rates sought, the Court relies on its own expertise, *Norman, supra,* 836 F.2d at 1303, and considers the *Johnson* factors[7] in determining a reasonable rate. As noted above, the issues involved in this relatively straightforward matter were neither novel nor difficult and, although trial counsel was well-qualified and adept, no exceptional experience or skill was required here. There is no evidence that the case was undesirable, nor that counsel was precluded from other employment due to the pendency of this action. The customary fee for such cases is, as here, contingent, and there is no evidence that the professional relationship between Plaintiff and his counsel extended beyond this matter, or that time limitations were an issue. Finally, the total amount of damages involved was (relatively speaking) minimal, and the matter was resolved for $1,001 and fees and costs, with little discovery, no depositions, mediation, hearings or dispositive motion practice, and well short of a trial. Consistent with the weight of authority in this district with respect to awards in similar cases, as well as the Affidavit tendered by the defense (Doc. No. 26-1), and the experience of the Court, the lodestar is calculated at the following rates:

| | | |
|---|---|---|
| Lead counsel: | 10 hours at the rate of $250 | $2,500 |
| Associate Time: | 20 hours at the rate of $175 | $3,500 |
| Paralegal/Clerk: | 10 hours at the rate of $100 | $1,000 |
| | Total Fees: | $7,000 |

Although Defendant urges the Court to reduce the lodestar and award a fee of $3,683.00, due to the amount involved, the settlement history and the results obtained, the Court is not persuaded.

---

[7] The factors to be considered are: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) preclusion of other employment; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974)).

In this Court's view, a reduction would not be consistent with the policy of the Act and the agreement of the parties to award "reasonable" fees.

## Conclusion

For the reasons set forth above, it is **respectfully recommended that the motion be granted, in part and denied, in part,** as follows: judgment should be entered in Plaintiff's favor and against Defendant on all counts of the Complaint, and attorney's fees in the total amount of $7,000 should be awarded Plaintiff. To the extent costs have already been taxed (and are not objected to by Defendant), no additional award of costs should be made.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April , 2012.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy